John J. O’Brien, J.
Defendant wife moves to punish, plaintiff husband for contempt of court for failing to make certain alimony payments to the wife, as directed by a divorce decree. The husband asks to have the divorce decree modified by striking therefrom the provision for alimony, on the ground that he was the innocent party in the divorce proceeding, and on the further ground that there has been a change in his financial circumstances. There are no children involved in this situation, and the issue solely concerns the right of the wife to receive alimony.
An opportunity was afforded to both the attorneys for the wife and the attorneys for the husband to submit memorandums on the question, but no memorandums have been received by this court. It has been held that the questions of contempt and modification may be decided in the same proceeding. (Marks v. Marks, 25 A D 2d 782 [1966].)
The divorce proceeding herein was heard at an Equity Term of the Supreme Court held in Warren County on December 9, 1968. The decree granted a divorce to the husband on the grounds of extreme mental and physical cruelty and abandonment. The decree recites that the defendant wife defaulted in pleading or answering, and the decree directs the.plaintiff husband to pay the sum of $20 per week as alimony to the defendant wife, reserving, however, the right to the husband to make an application for reduction or cancellation of said sum, based on a change in financial circumstances. Counsel *672 for the wife now argnes that the alimony provision was agreed on by stipulation between her and the then attorney for the husband. Counsel for the wife further argues that there was a similar agreement for the payment of moneys by the husband to the wife prior to the divorce proceeding, yet these stipulations were never reduced in writing either by way of separation agreement or simple written stipulation. Nor is there anything before this court to indicate that any stipulation was placed on the record in the divorce proceeding. On the contrary, the decree recites a default on the part of the wife.
Thus, this court is faced with the question of whether an alleged verbal stipulation for payment of alimony should be given effect in light of section 236 of the Domestic Relations Law, which seems clearly to state that where the wife’s misconduct has reached the stage where it would,itself constitute the basis for a separation or divorce, then the court cannot award alimony. (See Sacks v. Sacks, 26 A D 2d 575 [1966]; Siegel’s Practice Commentary; McKinney’s Cons. Laws of N. Y., Book 14; pt. 2, Domestic Relations Law, § 236, p. 137; 19 Carmody-Wait 2d New York Practice, § 118:33.)
It is clear that a husband can contract a support obligation in a separation agreement which will survive a divorce, even though any obligation of support would have terminated on the divorce in the absence of the separation agreement (Murray v. Hassman, 26 A D 2d 647 [1966], affd. 19 N Y 2d 828). In a recent decision, it has been held that a separation agreement will continue to obligate a stepfather to pay support for his stepchildren even after his divorce from the mother of the children. (Matter of Baker v. Baker 33 A D 2d 812 [1969], reported in Official Edition Law Reports and Session Laws No. 734, dated Feb. 18, 1970.) Yet in each of these decisions, and in others reviewed by this court during its research, the obligation to pay has been conditioned upon contract principles.
On the papers before me, and upon the oral argument in this case, I am unable to find that a contract was entered into that would support a determination that the husband obligated himself under contract principles to pay alimony to the wife. Even if I were to find that a verbal contract has been entered into by the attorneys for the respective parties, a serious question would exist as to whether the contract was void in light of section 5-701 of the General Obligations Law, which requires certain types of contracts to be in writing.
Defendant’s motion to punish plaintiff for contempt is denied. Plaintiff’s motion to amend the divorce decree to provide for elimination of the clause granting the wife alimony is granted.